# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LAWRENCE R. MARTINEZ,

     Plaintiff,

v.                                                       Civ. No. 16-1307 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

     Defendant.

## <u>ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND</u>

**THIS MATTER** is before the Court on Plaintiff Lawrence Martinez's Motion to Remand to Agency for Rehearing. Doc. 16. For the reasons discussed below, the Court will GRANT Plaintiff's motion and remand this action to the Commissioner for further proceedings consistent with this opinion.

## I.     Background

On February 5, 2013, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income.  AR 17. Plaintiff claimed disability due to a learning disability.  AR 77.  Plaintiff alleged a disability onset date of July 1, 2006. AR 77.  Plaintiff's claims were initially denied on June 10, 2013, and upon reconsideration on September 24, 2013.  AR 17. Plaintiff thereafter filed a written request for a hearing on November 12, 2013. AR 17. On July 1, 2015, the ALJ entered his decision finding Plaintiff not disabled. AR 29.  On October 3, 2016, the Appeals Council denied Plaintiff's request for review. AR 1.  This appeal followed.

Because the parties are familiar with the record in this case, the Court will reserve discussion of Plaintiff's relevant medical history for its analysis.

## II.    Applicable Law

## A.  Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

**B. Standard of Review**

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Furthermore, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at

1010.

### III.    Analysis

Plaintiff raises three issues for review.  First, Plaintiff contends that the ALJ failed to incorporate all of his moderate limitations as opined by State agency examining and non-examining psychologists Dr. John Owen, Dr. Kay Gale, and Dr. Howard Atkins.  Second, Plaintiff contends that the ALJ's RFC does not include a function-by-function assessment of Plaintiff's work-related mental abilities. Third, Plaintiff argues that the ALJ failed to express Plaintiff's RFC in terms of mental functional limitations and utilized vocational conclusions as to jobs Plaintiff could perform in the ALJ's hypothetical to the vocational expert.  Because the Court agrees that the ALJ failed to account for Plaintiff's moderate limitations, the Court will grant Plaintiff's Motion. The Court will not address Plaintiff's remaining claims of error because they may be affected by the ALJ's treatment of this case on remand. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Dr. John Owen performed an evaluation of Plaintiff on April 30, 2015. AR 315-19.  Dr. Owen performed a Wechsler Adult Intelligence Scale-III (WAIS-III) and a Mini Mental Status Examination.  AR 315.  Dr. Owen reported that Plaintiff's overall IQ score "fell on the cusp of borderline/mild mental retardation" and that he has "difficulty with recall, attention, and calculation."  AR 316.  Dr. Owen additionally reported a diagnosis of adjustment disorder with anxiety. AR 316. Dr. Owen opined that Plaintiff has moderate to marked difficulties in his ability to understand and remember detailed or complex instructions, work without supervision, interact with the public, and adapt to changes in the workplace. AR 317. Dr. Owen further opined that Plaintiff has moderate limitations in his ability to carry out instructions, attend and concentrate,

persist at tasks, interact with co-workers, interact with supervisors, and use public transportation. AR 317.

Dr. Kay Gale completed a Mental Residual Function Report of Plaintiff on June 3, 2013. AR 94. Dr. Gale found Plaintiff moderately limited in his ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, respond appropriately to changes in the work setting, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others. AR 95. Dr. Gale further opined that Plaintiff is moderately limited in his ability to interact appropriately with the general public. AR 95. In summation, Dr. Gale opined that Plaintiff is able to "perform simple, repetitive, routine tasks in setting with limited contact with others. Unskilled RFC." AR 96. Upon reconsideration, Dr. Atkins agreed with Dr. Gale's opinions. AR 110.

In his decision, the ALJ gave significant weight to the opinions of Dr. Owen "to the extent that it is generally consistent with my residual functional capacity." AR 26. Notably, the ALJ did not explain which portions of Dr. Owen's opinion were inconsistent with the RFC. The ALJ also accorded significant weight to Dr. Atkins' and Dr. Gales' opinions with the same caveat that his adoption of their opinions was limited to the extent that they were consistent with the RFC. AR 26. In pertinent part, the ALJ determined that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels subject to certain non-exertional limitations. AR 23. The ALJ found that Plaintiff is "able to understand, carry out, and remember simple instructions at Reasoning Level 1, but not at a production rate pace such as assembly line work, and he may make commensurate work related decisions." AR 23. Further, "[h]e is able to maintain concentration, persistence, and pace for two hours at a time throughout

the eight-hour workday with normal breaks.  He may have occasional interaction with the public."  AR 23.

Plaintiff contends that the ALJ failed to account for all the limitations Dr. Owen found. More specifically, Plaintiff contends that the ALJ failed to incorporate Dr. Owen's opinion that Plaintiff has moderate to marked difficulty in his ability to work without supervision or adapt to changes in the workplace.  Plaintiff further contends that the ALJ failed to account for Dr. Owen's opinion that Plaintiff has moderate difficulties in his ability to carry out instructions, attend and concentrate, persist at tasks, interact with coworkers, and interact with supervisors. For purposes of this decision, the Court focuses on Dr. Owen's opinion that Plaintiff has moderate to marked limitations in his ability to work without supervision and adapt to changes in the workplace, and moderate limitations in his ability to interact with supervisors and coworkers.

"It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."  *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) ("The ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability."). Although an ALJ is not required to discuss every piece of evidence, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  *Clifton v. Chater*, 79 F.3d 1007, 1009, 1010 (10th Cir. 1996).  In *Haga v. Astrue*, the Tenth Circuit found reversible error where the ALJ chose to adopt certain moderate limitations documented in a consultative psychologist's RFC assessment and rejected others without explanation.  482 F.3d at 1205, 1208

(10th Cir. 2007) ("We therefore agree that the ALJ should have explained why he rejected four of the moderate restrictions on [the] RFC assessment while appearing to adopt the others.")

The present case is strikingly similar to *Haga*. As noted above, the ALJ accorded significant weight to Dr. Owen's opinion and accordingly incorporated limitations in the RFC reflecting portions of Dr. Owen's opinion. AR 26. Nevertheless, the ALJ apparently rejected, without explanation, limitations Dr. Owen found in Plaintiff's ability to work without supervision, adapt to changes in the workplace, interact with coworkers, or interact with supervisors. *See* AR 26. By way of example, it is notable that the ALJ limited Plaintiff to "occasional interaction with the public" in the RFC yet completely ignored any limitations whatsoever in his ability to interact with supervisors or coworkers. It is not readily apparent that an individual with moderate limitations in interacting with the public would not also exhibit limitations in regard to his interactions with co-workers and supervisors. Indeed, Dr. Gale and Dr. Atkin opined in their RFC that Plaintiff should have limited contact with *others*, not just the public as the ALJ concluded. AR 95-96. No explanation is provided by the ALJ as to why these limitations were ignored other than that he only adopted limitations found by Dr. Owen "to the extent that [they are] generally consistent with my residual functional capacity." AR 26. Furthermore, in response, Defendant offers no more than post-hoc rationalizations as to why the ALJ might have disregarded Dr. Owen's opinion regarding these limitations. *See* Doc. 18 at 11-12 (discussing other evidence in the record that might have supported the ALJ's decision to disregard Dr. Owen's opinion). But post-hoc rationalizations are insufficient. S*ee id.*at 1207-08 ("T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."). Accordingly, the ALJ failed to adequately account for Plaintiff's limitations and his decision must be reversed.

**IV.     Conclusion**

For the foregoing reason, the Court GRANTS Plaintiff's Motion to Remand to Agency

(Doc. 16) and remands this matter for proceedings consistent with this Opinion.

UNITED STATES MAGISTRATE JUDGE
Sitting by Consent